| | |
|---|---|
| GLORIA SCHULTZ A/K/A<br>GLORIA SCHULTZ MORGAN<br>5 BRETT COURT, APT 113<br>ESSEX, MARYLAND 21221<br><br>*On her own behalf and on behalf of all others similarly situated,*<br><br>PLAINTIFF<br><br>v.<br><br>WALDMAN, GROSSFELD, APPEL<br>AND BAER, P.A.<br>2525 MOUNTAIN ROAD<br>PASADENA, MARYLAND 21122<br><br>**SERVE ON: RESIDENT AGENT**<br>Michael E. Grossfeld<br>2625 Mountain Road<br>Pasadena, Maryland 21122<br><br>DEFENDANT | IN THE<br><br>CIRCUIT COURT FOR<br><br>BALTIMORE CITY<br><br><br><br>CASE NO: 24-C-17-005403 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff Gloria Schultz, also known as Gloria Schultz Morgan ("Named Plaintiff" or "Plaintiff"), individually and on behalf of all others similarly situated (the "Class), files this Class Action Complaint and Demand for Jury Trial through her counsel, Jane Santoni, Matthew Thomas Vocci, and Chelsea Ortega of Santoni, Vocci & Ortega, LLC and for cause states:

### BACKGROUND

1. The Plaintiff files this action against Defendant Waldman, Grossfeld, Appel and Baer, PA.("Baer"), a Maryland debt collection law firm, for filing a debt collection lawsuit against Plaintiff and other members of the Class in an improper and inconvenient venue.

1

2. The Federal Debt Collection Practices Act ("FDCPA") provides that a debt collector may only sue a debtor in a judicial district where the consumer signed the contract or where the consumer resides. 15 U.S.C § 1692i(a)(2).

3. In violation of the FDCPA, Baer sued Plaintiff and other members of the Class in Baltimore City District Court, even though Plaintiff and other members of the Class do not reside in Baltimore City and did not sign the contract in Baltimore City.

4. Given Defendant's actions and violations, Maryland law entitles Plaintiff and the Class to statutory damages, compensatory damages, declaratory judgment, and injunctive relief, along with their attorneys' fees.

5. Defendant's failure to comply with Maryland law is done knowingly or with reckless disregard.

## PARTIES

6. Named Plaintiff is an adult individual person residing in Baltimore County, Maryland at all times relevant to this Complaint.

7. Defendant The Law Office of Waldman, Grossfeld, Appel and Baer, P.A.("Baer"), is a Maryland law firm located in Anne Arundel, Dorchester, and Baltimore Counties, and Baltimore City, and which is engaged in the business of collecting debts from consumers within this State.

## JURISDICTION AND VENUE

8. Declaratory and injunctive relief are available pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-401, *et seq.* and Md. Rule 2-231(b)(2).

9. Venue in this District is proper in that Defendant transacts business within Baltimore City.

10. This Court has jurisdiction of this matter pursuant to Md. Rule 2-231 in order to facilitate management of multiple similar claims. Maryland law does not permit class actions to be maintained in the District Court of Maryland.

## FACTUAL ALLEGATIONS

11. On or about January 9, 2016, Named Plaintiff entered into a bail bond contract with Big Boyz Bail Bonds, Inc. ("Big Boyz") in order to procure a bail bond for another individual.

12. Named Plaintiff signed the bail bond contract at Big Boyz's office in Essex, Maryland, which is located in Baltimore County, Maryland.

13. Named Plaintiff and the other co-signer allegedly failed to make payments in accordance with the bail bond contract.

14. Named Plaintiff was sued by Baer on behalf of Big Boyz on May 18, 2017 in the Baltimore City District Court for breaching the bail bond contract ("Collection Action"). Named Plaintiff was served with the Collection Action on or about June 3, 2017 and appeared in court on or about August 2, 2017 to defend.

15. Named Plaintiff had to pay to come to the Baltimore City District Court, including paying for parking.

16. Plaintiff filed a Motion to Transfer the case based on improper venue, and Defendant agreed and consented to the Transfer to Baltimore County. Defendant did not challenge that the contract was not signed in Baltimore City, and Plaintiff presented proof that it was signed in Baltimore County. The Plaintiff's address on the Complaint for the Collection Action is in Baltimore County and she was served with process in Baltimore County.

17. The Collection Action was transferred to the Baltimore County District Court in Essex, Maryland.

18. The Baltimore County District Court in Essex provides free parking, and due to its proximity to Named Plaintiff's home, she is able to find transportation which is significantly less than finding transportation to Baltimore City District Court.

19. Big Boyz has offices located in Baltimore City, Baltimore County and Anne Arundel County.

20. According to a search of court records, Baer has sued more than thirty (30) consumers in Baltimore City District Court who reside in Anne Arundel or Baltimore County and upon information and belief, signed the underlying contract in Anne Arundel or Baltimore County.

21. On information and belief, at all relevant times, Baer has had actual knowledge that the Named Plaintiff and the Class were being sued in an improper venue, but has nevertheless persisted in its unlawful collection activities.

22. Unless and until this Court grants the declaratory and injunctive relief that Plaintiffs seek through this action, Defendant Baer will continue to sue consumers in improper venues, causing harm to consumers.

## CLASS ACTION ALLEGATIONS

23. The Named Plaintiff brings this action individually and on behalf of all persons similarly situated, known as the Class.

24. The Class consists of: **all persons who were sued by Defendant in a county where they did not reside at the time of the suit or in a county where they did not sign the contract for which they are being sued.**

4

25. Excluded from the Class are:

   a. those individuals who now are or have ever been executives of the Defendant and the spouses, parents, siblings and children of all such individuals; and

   b. any individual who was granted a discharge pursuant to the United States Bankruptcy Code or state receivership laws after the date of his or her lease.

26. The Class, as defined above, is identifiable. The Named Plaintiff is a member of the Class.

27. Upon information and belief, the Class consists, at a minimum, of over thirty (30) consumers and is thus so numerous that joinder of all members is clearly impracticable.

28. There are questions of law and fact which are not only common to the Class but which predominate over any questions affecting individual class members. The common and predominating questions include, but are not limited to:

   a. Whether Defendant Baer violated federal law by suing consumers in a judicial district where they do not reside or where they signed the contract;

   b. Whether declaratory and injunctive relief is proper to prevent Defendant Baer from continuing to violate federal law; and

   c. Whether the class members are entitled to statutory damages, and attorneys' fees.

29. The Plaintiff's claims are typical of the claims of the respective members of the Class within the meaning of Maryland Rule 2-231(a)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Defendant Baer. The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendant, within the meaning of Maryland Rule 2-231(b)(1)(A).

30. Defendant Baer's actions are applicable to the Class as a whole, and Plaintiffs

seek equitable remedies with respect to the Class as a whole, within the meaning of Maryland Rule 2-231(b)(2).

31. Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and the fact that Defendant Baer affirmatively misrepresents to consumers their rights and obligations.

32. Plaintiff's counsel is experienced in class actions, and foresee little difficulty in the management of this case as a class action.

33. Named Plaintiff is adequate and has no interests antagonistic to the class and will fairly represent the interests of the Class in accordance with her affirmative obligations and fiduciary duties.

## COUNT ONE
## VIOLATION OF THE FEDERAL
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.* ("FDCPA")

34. Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

35. Defendant Baer is a "debt collector" under the Federal Fair Debt Collection Practices Act (FDCPA) as defined by 15 U.S.C § 1692a(6).

36. The FDCPA provides that a debt collector may only sue a debtor in a judicial district where the consumer signed the contract or where the consumer resides. 15 U.S.C § 1692i(a)(2).

37. Defendant Baer violated § 1692i(a)(2) when it sued Named Plaintiff in the District Court for Baltimore City. The Named Plaintiff was residing in Baltimore County during

the entirety of her dealings with Defendant and onward, and all contracts executed between Plaintiff and the original creditor occurred at a location in Baltimore County.

38. Defendant Baer's actions described herein constitute unfair or unconscionable means to collect or attempt to collect from the Named Plaintiff and Class Members in violation of 15 U.S.C. § 1692f.

39. Named Plaintiff and the Class Members have suffered actual economic and non-economic damages, as more fully described above and have incurred attorney's fees and court costs as a result of Defendant's illegal debt collection practices and direct and indirect actions described herein.

40. The FDCPA provides for statutory damages in addition to actual damages.

WHEREFORE Named Plaintiff prays that this Court enter judgment in her favor and the Class' favor against Baer upon their FDCPA claims and to:

A. Certify this case as a class action with the Named Plaintiff as class representative and her attorneys as counsel on behalf of the Class and described herein;

B. Award statutory damages in the amount allowed by the FDCPA equal to $500,000.00 to the Class members;

C. Award reasonable attorney's fees, litigation expenses and costs; and

D. Provide such other or further relief as the Court deems appropriate.

## COUNT TWO
### VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION ACT, MD CODE ANN., COM. LAW §14-201, *et seq.* ("MCDCA")

41. Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

42. Under Md. Code Ann., Com. Law § 14–202(6), a debt collector, in collecting or attempting to collect an alleged debt, may not "[c]ommunicate with the debtor or a person related

to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor." Defendant's actions in suing Named Plaintiff and the Class Members in an improper venue violates Md. Code Ann., Com. Law § 14-202(6) because it constitutes a communication is expected to abuse or harass the debtor.

43. The underlying contracts concerned "real or personal property, services, money, or credit for personal, family, or household purposes." Md. Code Ann., Com. Law § 14-201(c), namely the underlying debt was for the procurement of a bail bond.

44. Defendant is a "collector" under Md. Code Ann., Com. Law § 14-201(b) as it collected or attempted to collect an alleged debt arising out of a consumer transaction, namely a bail bond contract.

45. Named Plaintiff and the Class Members are therefore entitled to their damages and losses described above which have proximately resulted from Baer's direct and indirect actions in violation of the MCDCA. MD Code Ann., Com Law. §14-203.

WHEREFORE Named Plaintiff prays that this Court enter judgment in her and the Class's favor against the Defendant Baer on their MCDCA claims and to:

A. Certify this claim as a class action with the Named Plaintiff as the Class Representative and her attorneys as counsel on behalf of the Class described herein for the limited purpose pursuant to 2-231(d) for determining the Defendant Baer's liability to the Class pursuant to the MCDCA;

B. Award actual damages to Named Plaintiff for her individual damages under the MCDCA in the sum in excess of $75,000 or such amount determined by the jury;

C. Award reasonable attorneys's fees, litigation expenses and costs; and

D. Provide such other or further relief as the Court deems appropriate.

## COUNT THREE
## INJUNCTIVE RELIEF

46. Named Plaintiff incorporates all preceding paragraphs as if set forth fully herein.

47. Defendant should be enjoined from suing consumers in improper venues.

WHEREFORE, Named Plaintiff prays that this Court enter judgment in her and the Class's favor and:

A. Certify this case as a class action with the Named Plaintiff as the Class Representative and her attorneys as counsel on behalf of the Class described herein;

B. Order a preliminary and permanent injunction prohibiting Defendant from suing consumers in an improper venue;

C. Award reasonable attorneys' fees, litigation expenses and costs;

D. Order other appropriate declaratory relief; and

E. Provide such other or further relief as the Court deems appropriate.

Respectfully submitted,

*/s/ Jane Santoni*
Jane Santoni
Matthew Thomas Vocci
Chelsea Ortega
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
Phone 443-921-8161
Fax 410-525-5704
jsantoni@svolaw.com
ATTORNEYS FOR THE NAMED PLAINTIFF
AND THE CLASS

## NOTICE OF CLAIM FOR ATTORNEYS' FEES

Plaintiff hereby gives notice, pursuant to the Maryland Rules, that she seeks attorneys' fees in this case.

_____
Jane Santoni

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of the Class Members, demands trial by jury.

_____
Jane Santoni

10